UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHSANUL ISLAM individually and on behalf of all other persons similarly situated who were employed by DYNASTY VI FOOD CORP. d/b/a FRESH N SAVE and/or KEY FOOD; DYNASTY VII FOOD CORP. d/b/a FOOD DYNASTY; DYNASTY MEAT CORP. d/b/a FRESH N SAVE and/or KEY FOOD; 50-18 MEAT CORP. d/b/a FRESH N SAVE,<br><br>Plaintiffs,<br><br>- against -<br><br>DYNASTY VI FOOD CORP. d/b/a FRESH N SAVE and/or KEY FOOD; DYNASTY VII FOOD CORP. d/b/a FOOD DYNASTY; DYNASTY MEAT CORP. d/b/a FRESH N SAVE and/or KEY FOOD; 50-18 MEAT CORP. d/b/a FRESH N SAVE,<br><br>Defendants. | Case No.: 18-cv-3469<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

The Named Plaintiff, by his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought on behalf of the Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who are presently or were formerly employed by DYNASTY VI FOOD CORP. d/b/a FRESH N SAVE and/or KEY FOOD; DYNASTY VII FOOD CORP. d/b/a FOOD DYNASTY; DYNASTY MEAT CORP. d/b/a FRESH N SAVE and/or KEY FOOD; 50-18 MEAT CORP. d/b/a FRESH N SAVE (collectively "Defendants") as non-exempt employees to provide services related to the operation of Defendants' supermarkets within the State of New York.

2. Plaintiffs seek to recover wages which they were statutorily entitled to receive pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA") §§ 201 *et seq.*,

1

New York Labor Law (hereinafter referred to as "NYLL") §§ 651 *et seq*., 663, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2.

3. Upon information and belief, beginning in June 2012 and continuing through the present, Defendants maintained a policy and practice of requiring Plaintiffs to regularly work in excess of forty (40) hours in any given week without overtime compensation.

4. Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees who performed work for Defendants within the State of New York, overtime compensation which they were deprived of plus interest, attorneys' fees, and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

6. Venue for this action in the Eastern District of New York under 28 U.S.C. §1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

7. Named Plaintiff is an individual who is currently a resident of the State of New York.

8. Dynasty VI Food Corp. is a business corporation incorporated under the laws of the State of New York, with its principal office at 50-18 Skillman Avenue, Woodside, New York 11377 and its principal place of business at 60-16 Myrtle Avenue, Ridgewood, New York 11385.

Upon information and belief, Dynasty VI Food Corp. is engaged in the business of operating grocery, bakery, dairy, produce, and meat retail supermarkets.

9. Dynasty VII Food Corp. is a business corporation incorporated under the laws of the State of New York, with its principal office at 50-18 Skillman Avenue, Woodside, New York 11377 and its principal place of business at 1525 86th Street, Brooklyn, New York 11228. Upon information and belief, Dynasty VII Food Corp. is engaged in the business of operating grocery, bakery, dairy, produce, and meat retail supermarkets.

10. Dynasty Meat Corp. is a business corporation incorporated under the laws of the State of New York, with its principal office and place of business at 46-10 Queens Boulevard, Sunnyside, New York 11104. Upon information and belief, Dynasty Meat Corp. is engaged in the business of operating grocery, bakery, dairy, produce, and meat retail supermarkets.

11. 50-18 Meat Corp. is a business corporation incorporated under the laws of the State of New York, with its principal office and place of business at 50-18 Skillman Avenue, Woodside, New York 11377. Upon information and belief, 50-18 Meat Corp. is engaged in the business of operating grocery, bakery, dairy, produce, and meat retail supermarkets.

12. At all relevant times, Defendants employed Plaintiffs as defined by the FLSA § 203(d), the NYLL §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14.

13. Defendants are part of a single integrated enterprise that employed Named Plaintiff and similarly situated employees at all relevant times.

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS**

14. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of

3

Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

15. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees, other than office and executive personnel, who performed work for Defendants.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to (i) whether Plaintiffs worked in excess of forty (40) hours per week; (ii) whether Defendants failed to pay overtime compensation required by the FLSA; (iii) whether Defendants failed to pay overtime compensation required by the NYLL, and (iv) whether Defendants provided wage statements in accordance with NYLL § 195(3).

18. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class were all subject to Defendants' policies and willful practices of failing to pay the applicable overtime compensation.

19. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also

prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

21. Beginning in or around June 2012, Defendants employed numerous individuals at Defendants' businesses to perform work.

22. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Corporate Defendant constitutes an "enterprise engaged in commerce."

23. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

24. Upon information and belief, Plaintiffs constitute or constituted "employees," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

25. The payments made to Plaintiffs by Defendants constitute "wages," as that term is defined under New York Labor Law § 651.

26. While working for Defendants, Plaintiffs were regularly required to perform work for Defendants, without receiving proper compensation as required by applicable federal and state law.

27. Named Plaintiff Ahsanul Islam worked as a cook in Defendants' deli department from approximately 2006 through March 2018.

28. Named Plaintiff worked at Defendants' locations at 6061 Myrtle Ave., Ridgewood, Queens, 11385 and 4602 Queens Blvd., Long Island City, New York 11104.

29. From 2006 through approximately 2017, Named Plaintiff worked six days per week, from 6:00am until 6:00p, or 7:00pm. This amounted to approximately 72 hours per week.

30. From 2017 through March 2018, Named Plaintiff worked 9-hour shifts, six days per week. This amounted to approximately 54 hours per week.

31. Regardless of how many hours Named Plaintiff worked, his paycheck always reflected forty hours per week.

32. Named Plaintiff was paid $17.00 per hour until 2017. Named Plaintiff's salary was then decreased to approximately $15.46 per hour.

33. Named Plaintiff was therefore entitled to approximately 32 hours of overtime per week from the start of the statutory period through approximately 2017 at a rate of $25.50 per hour.

34. Additionally, Named Plaintiff was entitled to approximately 14 hours of overtime per week from 2017 through March 2018 at a rate of $23.19 per hour.

35. Despite regularly working more than forty hours in a week, Named Plaintiff was not paid any overtime compensation for hours worked in excess of forty in a week until 2017.

36. Furthermore, until 2017, Named Plaintiff's paychecks did not include any overtime pay.

37. Named Plaintiff did not receive wage statements that complied with the requirements of NYLL § 195(3).

38. Putative class members performed the same and/or similar work to that of the Named Plaintiff. Similarly, members of the putative class are non-exempt employees.

39. Like Named Plaintiff, members of the putative class were required to work in excess of forty hours per week.

40. Like Named Plaintiff, members of the putative class were not paid overtime compensation for hour worked in excess of forty hours per week.

41. Like Named Plaintiff, members of the putative class were not given accurate wage statements as set forth in NYLL § 195(3).

42. At all relevant times, Defendants maintained a policy and practice of assigning Plaintiffs to work more than forty hours per week without paying them one and one-half times their regular hourly rate for all hours worked in excess of forty per week, in violation of the FLSA, NYLL, and supporting New York State Department of Labor regulations.

43. Upon information and belief, Defendants' unlawful policy and practice of failing to pay Plaintiffs overtime compensation, was intentional and was not done in good faith.

44. Defendants are part of a single integrated enterprise that employed Named Plaintiff and similarly situated employees at all relevant times.

45. Upon information and belief, Defendants' operations are interrelated and unified.

46. Upon information and belief, Defendants share a common business purpose, management, and were centrally controlled and/or owned, including common oversight and direction over the operations of the work performed by Plaintiff and putative class members, such as maintaining common employment practices, sharing employees, services, and equipment.

47. Upon information and belief, Plaintiff and members of the putative class performed work that simultaneously benefitted Defendants and Defendants shared control of the work performed by Plaintiff and members of the putative class, including setting their work hours and directing their work.

**FIRST CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT OVERTIME</u>**

48. Plaintiffs re-allege and incorporate by reference all the allegations set forth above.

49. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the

7

production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

50. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

51. Defendants are "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

52. Upon information and belief, Defendants failed to pay Plaintiffs earned overtime wages, at the rate of one and one-half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

53. The failure of Defendants to pay Plaintiffs their rightfully owed overtime compensation was willful.

54. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, plus interest, liquidated damages, attorney's fees, costs and any other damages permitted under the FLSA.

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW OVERTIME**

55. Plaintiffs re-allege and incorporate by reference all the allegations set forth above.

56. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate" for hours worked in excess of forty in a workweek.

57. Defendants are employers within the meaning of the NYLL and supporting New York State Department of Labor regulations.

58. Plaintiffs and putative class members are employees, within the meaning of the NYLL and supporting New York State Department of Labor regulations.

59. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

60. Upon information and belief, Plaintiffs worked more than forty hours per week while working for Defendants.

61. At all relevant times to this action, Defendants failed to pay Plaintiffs one and one-half times their hourly rate for all hours worked in excess of forty per workweek, in violation of New York Labor Law §§ 650 *et seq*. and 12 NYCRR § 142-2.2.

62. Defendants' failure to pay wages and overtime compensation to Plaintiffs for work performed after the first forty hours worked in a week was willful.

63. By the foregoing reasons, pursuant to New York Labor Law § 663 and 12 NYCRR § 142-2.2, Defendants are liable to Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW WAGE STATEMENTS

64. Plaintiffs re-allege and incorporate by reference all the allegations set forth above.

65. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or

in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

66. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

67. Plaintiffs did not receive wage statements from the Defendants that complied with NYLL § 195(3).

68. Defendants violated NYLL § 195(3) by failing to provide Plaintiffs with wage statements containing the information required by NYLL § 195(3).

69. The failure of Defendants to provide Plaintiffs with accurate wage statements in violation of NYLL § 195 was willful and repeated.

70. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of the appropriate wage statements, and Defendants are liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Named Plaintiff, individually and on behalf of those similarly situated, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs; and

(4) any further relief the Court may deem appropriate.

Dated: New York, New York
June 8, 2018

                                                     Virginia & Ambinder, LLP

                                                    __/s/ _____
                                                    Lloyd R. Ambinder, Esq.
                                                    Jack Newhouse, Esq.
                                                    40 Broad Street, 7th Floor
                                                    New York, New York 10004
                                                    jnewhouse@vandallp.com
                                                    Tel: (212) 943-9080
                                                    Fax: (212) 943-9082