UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
AHSANUL ISLAM, individually and on
behalf of all other persons similarly situated,

                      Plaintiff,

            -against-                            **MEMORANDUM AND ORDER**
                                                            18 CV 3469 (CLP)

DYNASTY VI FOOD CORP., et al.,

                      Defendants.
---------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On June 14, 2018, plaintiff Ahsanul Islam ("plaintiff") commenced this action on behalf of himself and others similarly situated against defendants Dynasty VI Food Corp. d/b/a Fresh N Save and/or Key Food, Dynasty VII Food Corp. d/b/a Food Dynasty, Dynasty Meat Corp. d/b/a Fresh N Save and/or Key Food, and 50-18 Meat Corp. d/b/a Fresh N Save ("defendants"), seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq. On September 25, 2018, the parties filed a joint letter motion informing the Court that they had reached a settlement in this matter and seeking FLSA settlement approval. On October 18, 2018, the Court held a fairness hearing on the parties' motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff Islam alleges that he was employed by defendants as a cook from approximately 2006 until March 2018. (Compl. ¶ 27).[1] Plaintiff alleges that he was paid $17.00 per hour from

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed June 14, 2018, ECF No. 1.

1

2006 until 2017, at which point his salary decreased to $15.46 per hour. (Id. ¶ 32). From approximately 2006 until 2017, plaintiff alleges that he worked approximately 32 hours of overtime per week. (Id. ¶ 30). From 2017 through March 2018, plaintiff alleges he worked approximately 14 hours of overtime per week. (Id. ¶ 34). He alleges that regardless of how many hours he worked per week, his paycheck always reflected forty hours per week. (Id. ¶ 31). As reflected in the Settlement Agreement, the parties agreed to settle the action for a total of $53,750. (Sett. Agr. at 1).[2]

For the reasons set forth below, the Court approves the Settlement Agreement as fair and reasonable.

## DISCUSSION

### I.     Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses";

---

[2] Citations to "Sett. Agr." refer to the Settlement Agreement, filed September 25, 2018, ECF No. 20-1.

> (3) the seriousness of the litigation risks faced by the parties;
> (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II.  Settlement Amount

The parties propose a total settlement amount of $53,750. (Pl.'s Ltr. at 3).[3] Plaintiff contends that if he were to prevail at trial, he could be entitled to receive a range of $10,000 to $100,000 in compensation. (Id.) In explaining why the settlement is fair and reasonable, counsel notes that defendants' payroll and time records purport to "refute plaintiff's allegations as to the number of hours he worked each week" and refute that plaintiff received no compensation for hours worked over forty per week. (Id.) Plaintiff's counsel further notes that defendants dispute whether defendants were joint employers and whether plaintiff is owed any overtime compensation for any hours worked over forty per week. (Id.) The settlement was a "true arm's length negotiation" reached after "extensive negotiations between counsel well-versed in wage and hour law." (Id. at 3-4). Counsel contends that based on the risks in this case, including defendants' defenses, the settlement is fair and reasonable. (Id. at 3).

Moreover, the amount requested in attorney's fees is reasonable. Plaintiff's counsel is to receive $17,737.50 in attorney's fees and costs, which is 33 percent of the total settlement amount. (Id. at 4). The $406.44 in litigation costs is to be deducted from the $17,737.50 figure requested by plaintiff's counsel. This distribution is fair and reasonable in light of the awards

---

[3] Citations to "Pl.'s Ltr." refer to plaintiff's Letter filed September 25, 2018, ECF No. 20.

typically approved in this Circuit. See Velazquez v. Digital Page, No. 11 CV 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016).

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

Having considered the various issues in dispute, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck.

The parties shall file a stipulation of dismissal with prejudice by November 19, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 19, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York